IN THE UNITED STATES DISTRICT COIURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00947-RPM-BNB

CARLA THOMPSON, Plaintiff,

v.

SOUTHWEST HEALTH SYSTEMS, INC., d/b/a SOUTHWEST MEMORIAL HOSPITAL
AND WILLIAM G. RAINER, M.D., Defendants.

## PROTECTIVE ORDER

The Court enters the following Protective Order:

1. The Southwest Memorial Hospital Risk Management/Peer Review documents (hereinafter "documents") shall by subject to this Protective Order, and as such, shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

    a.    attorneys actively working on this case;

    b.    persons regularly employed by, or contracted with, or associated with the attorneys actively working on the case whose assistance is deemed required by said attorneys in the preparation for trial or other proceedings in this case;

    c.    the parties;

    d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    the Court and its employees;

  f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  g. deponents (or witnesses testifying at trial who were not previously deposed);

  h. witnesses or potential witnesses;

  i. copying / scanning services and their employees who will, or who may be, asked to work with counsel to reproduce, organize, image or otherwise work with materials produced in this action;

  j. and other persons, by written agreement of the parties.

  2. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any disclosure of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited.

  3. Any documents subject to this Protective Order will be produced under seal. If such documents are used in deposition or at trial, it will be noted that the document is covered by the Protective Order and, accordingly, that portion of the deposition or trial transcript shall be designated as confidential and transcribed separately. The parties shall work together to collectively seek leave of the Court for purposes of effectuating a method acceptable to the Court for the utilization of any and all materials to which this Protective Order pertains at such trial or hearing.

  4. After the conclusion of this case and after the document retention period of the attorneys of record, unless other arrangements are agreed upon, each Protected document and all copies thereof shall be returned to the party that designated the material as Confidential or destroyed, and any electronic copies shall be deleted, and all media back-ups destroyed.

  5. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

6.  Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper.

Done this 5th day of June, 2012.

_____
Honorable Richard P. Matsch